## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES M. COCHRAN,**

                              **Petitioner,**

              **v.**                                              **CASE NO. 25-3068-JWL**

**DAN SCHNURR,**

                              **Respondent.**

## <u>MEMORANDUM AND ORDER</u>

This case began in April 2025 when Petitioner and state prisoner James M. Cochran filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and a motion for leave to proceed in forma pauperis (Doc. 2). Neither the petition nor the motion were on the required, court-approved form, so the Court issued a notice of deficiency ("NOD") granting Petitioner 30 days in which to resubmit his petition and motion on the required forms, which were provided to Petitioner. (Doc. 3.) The NOD expressly cautioned Petitioner that if he "fail[ed] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1. The NOD set the deadline for compliance as May 19, 2025. *Id.* at 2.

The deadline passed and the Court did not receive anything further from Petitioner. Thus, on May 22, 2025, the Court dismissed this case under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. (Doc. 4.) The pending motion to proceed in forma pauperis was denied as moot due to the dismissal. *Id.* Judgment was entered the same day. (Doc. 5.)

On November 24, 2025, the Court received from Petitioner a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) and a motion for leave to proceed in forma

1

pauperis (Doc. 7). Both of these documents are on the required, court-approved forms, and it appears that Petitioner may have used the forms provided to him with the NOD, as the forms have the case number 25-3068-JWL preprinted on them. (*See* Docs. 6 and 7.) This case, however, was dismissed on May 22, 2025; judgment was entered the same day; and this case has been closed since that time.

Petitioner has not filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. That means that this case remains closed. The motion for leave to proceed in forma pauperis (Doc. 7) will be denied as procedurally improper and the Court will take no further action on the petition (Doc. 6) filed in this case on November 24, 2025.

If Petitioner seeks relief under 28 U.S.C. § 2254, he should file a petition for writ of habeas corpus and begin a new federal habeas case. Under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (or 28 U.S.C. § 2241) must be filed on "forms approved by the court." *See* D. Kan. Rule 9.1(a). Accordingly, the Court will direct the clerk to provide to Petitioner the required form for filing a petition for federal habeas relief under 28 U.S.C. § 2254, as well as the form Petitioner must use if he wishes to seek leave to proceed in forma pauperis in his new case. If he chooses to do so, Petitioner may then submit those forms and start a new federal habeas action in this Court. The Court will then conduct the required review of the petition filed in the new case and will issue further orders in that case as necessary.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 7) is **denied**. Judgment was entered in this case on May 22, 2025 and the case has been closed since that time. Petitioner has not moved to reopen this case, nor do his current filings acknowledge that this case is closed. The clerk is directed to provide to Petitioner the forms

required for initiating a new federal habeas action under § 2254, including the required form for moving for leave to proceed in forma pauperis. This case shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 25th day of November, 2025, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge